UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-CR-171 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| DEQUANE MOORE, | |
| Defendant(s). | |

Presently before the court is defendant Dequane Moore's[1] ("defendant") motion for review of Magistrate Judge Ferenbach's detention order. (ECF No. 17). The United States of America (the "government") did not file a response, and the time to do so has passed. On August 26, 2019, defendant filed a notice of non-opposition. (ECF No. 20).

**I.  Facts**

Defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1). In 2014, defendant was convicted of attempted possession of a controlled substance with intent to sell, a felony offense. *Id.* On June 26, 2019, law enforcement conducted a traffic stop and found defendant in possession of a Taurus G2C, 9mm handgun with an altered and obliterated serial number. (ECF Nos. 1, 16 at 11–12). Defendant was indicted on July 16, 2019, and an arrest warrant was issued. (ECF Nos. 1, 4).

On July 25, 2019, defendant was arrested by a Las Vegas Metropolitan Police Department officer and turned over to federal custody. (ECF Nos. 12, 17 at 4). The next day, defendant

---

[1] Although the case caption lists "Dequane Moore," defendant informed the court that "Daquane" is the proper spelling. (ECF No. 16 at 3).

**James C. Mahan**
**U.S. District Judge**

appeared before Magistrate Judge Ferenbach and was detained pending trial. (ECF Nos. 15, 16). Defendant now seeks review of Judge Ferenbach's detention order. (ECF No. 17).

## II. Legal Standard

This court's review of a magistrate judge's detention order is governed by Local Rule, Part IB, 3-5, which provides, in pertinent part:

> Any party seeking review of a release or detention order by a district judge must, within 14 days from the date of service of the release or detention order, file and serve a motion for review. . . The district judge must conduct a de novo review, and it may, but need not, hold an evidentiary hearing to make this determination.

LR IB 3-5. The court's de novo review "is to be conducted without deference to the magistrate's factual findings." *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990). The court may hold an evidentiary hearing to "explore and redetermine factual issues if that proves necessary." *Id.*

However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *Id.* at 1193. "The point is that the district court is to make its own 'de novo' determination of facts, whether different from or an adoption of the findings of the magistrate." *Id.*

## III. Discussion

Local Criminal Rule 47-3 provides that "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion." LCR 47-3. In this case, the government has failed to file a response to defendant's motion and therefore consents to the granting of defendant's motion. The court nevertheless conducts a de novo review of Judge Ferenbach's determination "that no condition or combination of conditions will reasonably assure the appearance of the defendant as required." (ECF No. 16 at 17).

Judge Ferenbach noted on the record that "[t]his [case] is a really close one." *Id.* at 15. The court agrees. As an initial matter, the court notes that Judge Ferenbach found "by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required"; he did not determine by clear and convincing evidence that defendant poses a danger to the community. *Id.*; *see also United States v. Gebro*,

James C. Mahan
U.S. District Judge

- 2 -

948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community."). Considering this is a close case, the court—like Judge Ferenbach—does not find clear and convincing evidence that defendant is a danger to the community.

Thus, this court considers whether the government showed, by a preponderance of the evidence, that defendant is a flight risk. Importantly, "doubts regarding the propriety of release should be resolved in the defendant's favor." *Gebro*, 948 F.2d at 1121 (citing *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir.1985)). Consequently, the court will, when possible, release a defendant "subject to the least restrictive further condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required . . . ." 18 U.S.C. § 3142(c)(1)(B).

This is, indeed, a close case. Defendant concedes his record includes "a prior history of drugs and weapons, failures to appear in some traffic cases, two probation violations, and a current warrant from Georgia." (ECF No. 17 at 7). Regarding defendant's prior history of drugs and guns, defense counsel indicated that none of defendant's prior convictions constituted a crime of violence. (ECF No. 16 at 12). Indeed, his first felony offense was attempted possession of marijuana with intent to sell. (ECF No. 17 at 8). His second felony was attempted possession of a firearm by a prohibited person. *Id.*

Turning to defendant's likelihood of flight, the court considers his outstanding warrant, probation violations, and failures to appear. First, the Georgia warrant appears to be for a traffic violation—driving without insurance—and is actively being resolved. *Id.* at 7. The offense is non-extraditable, and a fee schedule is already in place. *Id.* Thus, the court does not find that the pending warrant necessitates detention.[2]

Next, the defendant appears to have two prior probation violations. (ECF No. 16 at 9). The only information the court has regarding the first probation violation is that it pertains to a

---

[2] In fact, the magistrate judge indicated that the Georgia warrant could be taken care of as a condition of release. (ECF No. 16 at 15). The court agrees, and will impose it as a condition of his release.

**James C. Mahan**
**U.S. District Judge**

- 3 -

January 8, 2014, case. *Id.* The second probation violation occurred when defendant attempted to possess a firearm as a prohibited person while on probation for his attempted-possession-of-marijuana-with-intent-to-sell conviction. (ECF No. 17 at 8). Although defendant violated his probation, he immediately pleaded guilty; defendant then served his sentence and successfully completed parole without incident. *Id.*

The government indicates that defendant has six failures to appear, which give the court pause because they tend to suggest defendant is a flight risk. (ECF No. 16 at 8–9). Defendant suggests they pertain to traffic violations "sometime ago" and that "we don't even know what became of those."[3] *Id.* at 13. Defendant points out that "he was given state bond on this charge" before the federal government took over prosecution, he had been on bond since June but nonetheless "showed up for court regularly," and he proactively called the clerk to determine his federal court date.[4] *Id.* at 11, 13.

Taken together, the defendant's court attendance in this case and his proactive attempt to determine his federal court date are convincing. Despite this compelling argument, the government did not file a response to defendant's motion. Further, defendant complied with his most recent state parole without violations or other incidents. The government did not address this argument at the initial appearance and did not respond to the argument when raised again in defendant's motion. As a condition of his release, defendant is capable of making payments to resolve the outstanding Georgia warrant. This is yet another point that defendant addressed at the initial appearance that the government did not rebut, either at the hearing or in response to defendant's motion.

Taking the record as a whole together with defendant's arguments—and the government's failure to respond—this is a "close case" that the court resolves in favor of release. *Gebro*, 948 F.2d at 1121.

---

[3] Defendant also contends that "at least one of the purported failures to appear, from January 2019, is a case involving [defendant's] sister." (ECF No. 17 at 7).

[4] When defendant called the clerk, he was informed that "he wasn't in the system." (ECF No. 16 at 11).

James C. Mahan
U.S. District Judge

- 4 -

Thus, the court orders the defendant's release pending trial. Defendant represents to the court that he can and will reside with his fiancé, Danyelle Hicks. (ECF No. 17 at 9). The defendant is instructed to do so, and he is restricted to the residence as at times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved by pretrial services or the supervising officer. 18 U.S.C. § 3142(c)(1)(B)(iv).

Due to the nature of the instant offense, the defendant's probation violation in 2015, and the defendant's status as a felon, the defendant is ordered to refrain from possessing a firearm, destructive device, or other dangerous weapon. *Id.* § 3142(c)(1)(B)(viii). The defendant shall further refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act, without a prescription by a licensed medical practitioner. *Id.* § 3142(c)(1)(B)(ix).

Further, the defendant shall continue making payments pursuant to the defendant's fee schedule with Georgia. *Id.* § 3142(c)(1)(B)(xiv).

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for review of Magistrate Judge Ferenbach's detention order (ECF No. 17) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant be RELEASED pending trial, subject to the conditions described herein.

DATED August 26, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -